UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT LEE EMORY, JR.,                                    Case No. 2:18-cv-02096-MC

          Plaintiff,                                             OPINION AND ORDER

     v.

MARK NOOTH, et al.,

          Defendants.

_____

MCSHANE, District Judge:

Plaintiff, an inmate at the Two Rivers Correctional Institution (TRCI), filed suit under 42 U.S.C. § 1983 and alleged that defendants violated his constitutional rights and discriminated against him by prohibiting the purchase of footwear from an outside vendor. Defendants now move for summary judgment on all claims. Plaintiff fails to show that defendants exhibited deliberate indifference to his medical needs or acted with retaliatory or discriminatory animus by requiring plaintiff to purchase footwear in accordance with prison rules. Defendants' motion is GRANTED.

1    - OPINION AND ORDER

BACKGROUND

Plaintiff has been housed at TRCI since March 2015. DiGiulio Decl. ¶ 4 (ECF No. 30).

While in the custody of the Oregon Department of Corrections, plaintiff has been diagnosed with

plantar fasciitis, heel spurs, and Achilles tendinopathy, "which are related foot conditions that

can cause pain." *Id.* ¶ 5.

On July 11, 2018, Dr. Patton, plaintiff's treating physician, issued the following treatment

note and physician's order: "May self-purchase supportive shoes with gel foam insoles and arch

supports as per guidelines from medical stores." *Id.* ¶ 14 & Att. 4, 5. On July 19, 2018, plaintiff

sent a Package Authorization form to Capt. Heehn, the Operations Captain at TRCI, and asked

Capt. Heehn to authorize the purchase of four pairs of sneakers from Eastbay, an outside vendor.

Heehn Decl. ¶¶ 2, 6 & Att. 2 at 8; DiGiulio Decl. ¶ 2.

On July 20, 2018, Capt. Heehn denied authorization of the purchase order and explained,

"Medical Dept. doesn't have that authority. But you can take the recommendation by medical to

canteen and they will find you a shoe that meets your needs." Heehn Decl. ¶ 7 & Att. 2 at 8-9.

Plaintiff filed an administrative grievance regarding Capt. Heehn's refusal to authorize the

purchase order, and plaintiff's grievance and appeals were denied. *Id.* Att. 2 at 1-7, Att. 3.

On September 27, 2018, Supt. Bowser responded to a separate complaint by plaintiff and

explained, "You have been denied purchasing shoes from an outside vendor. The TRCI

Commissary offers many different brands and styles of shoes. You are encouraged to purchase

shoes and any other items that will help your medical condition from the Commissary." Heehn

Decl. Att. 2 at 11.

On December 6, 2018, plaintiff filed suit in this Court.

<u>DISCUSSION</u>

In his Complaint, plaintiff alleges six Claims for Relief arising from defendants' refusal to authorize plaintiff's purchase of footwear from an outside vendor and their denial of plaintiff's related grievances. Plaintiff maintains that defendants' actions violated his rights under the First, Eighth, and Fourteenth Amendments and the Americans With Disabilities Act (ADA).

Defendants move for summary judgment on all claims. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

A.  Deliberate Indifference to Serious Medical Needs

In his First and Second Claims for Relief, plaintiff alleges that defendants' refusal to authorize his purchase order constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference may be manifested by denying, delaying, or intentionally interfering with medical treatment or by the manner in which prison physicians provide medical care. *Gamble*, 429 U.S. at 104-05. Assuming plaintiff establishes a serious medical need, he presents no evidence suggesting that defendants were deliberately indifferent to that need.

Capt. Heehn denied plaintiff's request because plaintiff did not have the necessary

authorization to purchase non-standard footwear for medical reasons. Non-standard footwear

includes "shoes not available either in property or on canteen." DiGiulio Decl. ¶ 9. Inmates who

request footwear for medical needs must have approval from a practitioner, and approved orders

for non-standard footwear based on medical necessity are evaluated by the Therapeutic Level of

Care (TLC) Committee. *Id.* & Att. 2 (Health Services Policy P-F-1.2).

Plaintiff previously requested authorization in 2018 to purchase orthopedic shoes for his

foot pain and plantar fasciitis, and Dr. Patton presented that request to the TLC Committee. On

May 8, 2018, the TLC Committee determined that orthotic shoes from an outside vendor were

not medically necessary. *Id.* ¶ 11 & Att. 3.[1] Subsequently, in July 2018, Dr. Patton recommended

supportive shoes with insoles and authorized plaintiff's purchase of such shoes. However, Dr.

Patton did not indicate that the shoes were "medically necessary" and the TLC Committee had

already denied authorization for non-standard footwear.[2] *Id.* ¶ 14 & Att. 4, 5. Thus, in denying

plaintiff's requested purchase order, Capt. Heehn did not ignore or disregard medical

authorization for plaintiff's requested shoes.

Plaintiff emphasizes that other inmates have given authorization to purchase shoes from

outside vendors. This fact has little bearing on plaintiff's claims. Plaintiff was not prescribed

medically necessary shoes and the TLC Committee had denied authorization for non-standard

footwear from an outside vendor. Further, defendants contend and plaintiff does not dispute that

---

[1] Plaintiff does not challenge the TLC Committee's decision in this action.

[2] In October 2018, Dr. Patton responded to plaintiff's complaints that he could not buy
shoes from "the outside" and stated, "I can't order medical shoes from outside. I tried to find a
way to do it, but I cannot do that." DiGiulio Decl. ¶ 17 & Att. 7. Dr. DiGiulio states that Dr.
Patton's efforts "were not consistent with ODOC policy and resulted in confusion on the part of
Emery, security staff, and health services." *Id.* ¶ 18.

supportive shoes were available for purchase from the canteen. Plaintiff fails to explain why the shoes offered from the canteen did not provide support similar to the Asics and Under Armor sneakers he wished to purchase from Eastbay. DiGiulio Decl. ¶¶ 12-13.

Moreover, the record reflects that defendants provided plaintiff with medical treatment for his foot and Achilles issues. Plaintiff received MRI imaging of his foot, pain medication, multiple steroid injections, instructions for stretching exercises, approval for a Night Boot Split sock, surgery for his Achilles tendinopathy, and approval to purchase orthotics and supportive shoes from the canteen. *See Id*. ¶ 6; Pl.'s Resp. Ex. 1(a)-(c) (ECF No. 60 at 21-23). At most, plaintiff shows a difference of opinion regarding non-standard footwear that does not rise to the level of deliberate indifference. *Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir. 2002).

Accordingly, defendants' motion for summary judgment is granted on plaintiff's First and Second Claims for Relief.

B. Procedural Due Process

In his Third Claim for Relief, plaintiff alleges that defendants' denial of his purchase order and grievances violated his rights to due process.

Plaintiff fails to show the deprivation of a protected property interest to sustain a procedural due process claim. *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). Further, plaintiff cannot pursue a substantive due process claim, because the First and Eighth Amendments protect plaintiff against defendants' allegedly unlawful conduct. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (explaining that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims") (citation omitted).

5     - OPINION AND ORDER

Accordingly, summary judgment is granted on plaintiff's Third Claim for Relief.

C.  First Amendment Retaliation

In his Fourth Claim for Relief, plaintiff alleges that defendants refused to authorize his purchase order and denied his subsequent grievances in retaliation for plaintiff's complaints about TRCI officials.

To sustain a viable claim of First Amendment retaliation, plaintiff must show five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). An adverse action sufficient to support a retaliation claim requires "more than minimal" harm. *See Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012).

Here, plaintiff identifies no adverse action taken by Capt. Heehn aside from the denial of plaintiff's purchase order. Assuming the denial constitutes an adverse action, plaintiff presents no evidence that Capt. Heehn denied the purchase order *because of* plaintiff's complaints, particularly when plaintiff lacked authorization to purchase shoes from an outside vendor.

Likewise, the denial of plaintiff's grievances cannot support a viable claim of retaliation. Numerous courts have held that the denial of a grievance, standing alone, is de minimis action and insufficient to establish a claim of First Amendment retaliation. *See, e.g., Burgos v. Canino*, 641 F. Supp. 2d 443, 454-55 (E.D. Pa.) (finding that the "mere denial of grievances" does not constitute adverse action for purposes of a retaliation claim), *aff'd*, 358 Fed. App'x 302 (3d Cir. 2009); *Colvin v. Horton*, 2019 WL 3927425, at *12 (W.D. Mich. Aug. 20, 2019) (holding that the failure to process a grievance is not adverse action); *Garcia v. Sleeley*, 2019 WL 2234789, at

*9 (S.D. Cal. May 22, 2019) (stating that "the denial of a grievance or administrative appeal does

not amount to an adverse action sufficient to deter a person of ordinary firmness from further

First Amendment activities."); *Dicey v. Hanks*, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14,

2015) (accord).

In his Fifth Claim for Relief, plaintiff alleges that defendants conspired to violate his civil

rights. Because plaintiff fails to show a violation of his civil rights under § 1983, his conspiracy

claim necessarily fails. *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991). Accordingly,

summary judgment is granted on plaintiff's Fourth and Fifth Claims for Relief.

D.  Americans With Disabilities Act

Finally, in his Sixth Claim for Relief, plaintiff alleges that defendants' denial of his

purchase order violated the requirements of the ADA. Plaintiff is incorrect.

To prove that a correctional institution violated Title II of the ADA, a plaintiff must show

that: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from

participation in or denied the benefits of a public entity's services, programs, or activities, or was

otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or

discrimination was by reason of his disability." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135

(9th Cir. 2001) (citations omitted). Notably, the ADA "prohibits discrimination because of

disability, not inadequate treatment for disability." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022

(9th Cir. 2010).

Plaintiff does not allege that he was denied TRCI services, programs, or activities

because of his alleged disability. While "a correctional facility's 'deliberate refusal' to

accommodate plaintiff's disability-related needs" may violate the ADA, plaintiff fails to show

that TRCI refused all accommodations for his foot impairments. *Atayde v. Napa State Hosp.*, 255

F. Supp. 3d 978, 1001 (E.D. Cal. 2017). To the contrary, plaintiff received pain medication, multiple steroid injections, approval for a Night Boot Split sock, surgery for his Achilles tendinopathy, and approval to purchase orthotics and supportive shoes through the canteen. *See* DiGiulio Decl. ¶ 6. Moreover, the footwear plaintiff wished to purchase was not deemed medically necessary to accommodate his foot impairments.

Plaintiff cannot sustain an ADA violation arising from defendants' denial of non-standard footwear, and summary judgment is granted on plaintiff's Sixth Claim for Relief.

CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 57) is GRANTED, and plaintiff's Motion to Expedite (ECF No. 63) is DENIED as moot.

IT IS SO ORDERED.

DATED this 8th day of April, 2021.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge